| | |
|---|---|
| **LaMonica Herbst & Maniscalco, LLP** <br> 3305 Jerusalem Avenue, Suite 201 <br> Wantagh, New York 11793 <br> (516) 826-6500 <br> Jordan Pilevsky, Esq. <br> Jordan D. Weiss, Esq. | **Hearing Date:** January 11, 2017 at 11:00 a.m. <br> **Objections Due:** January 4, 2017 |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                                           Chapter 11

                                                                 Case No. 16-74892 (AST)

OLYMPIA OFFICE LLC,

                     Debtor.
-----------------------------------------------------------x

In re:                                                           Chapter 11

                                                                 Case No. 16-75515 (AST)

WA PORTFOLIO LLC,

                     Debtor.
-----------------------------------------------------------x

In re:                                                           Chapter 11

                                                                 Case No. 16-75516 (AST)

MARINERS PORTFOLIO LLC,

                     Debtor.
-----------------------------------------------------------x

In re:                                                           Chapter 11

                                                                 Case No. 16-75517 (AST)

SEAHAWK PORTFOLIO LLC,

                     Debtor.
-----------------------------------------------------------x

## NOTICE OF CHAPTER 11 DEBTORS' MOTION SEEKING
## JOINT ADMINISTRATION AND SUBSTANTIVE CONSOLIDATION
## OF THEIR BANKRUPTCY ESTATES

**PLEASE TAKE NOTICE,** that on **January 11, 2017 at 11:00 a.m.**, or as soon

thereafter as counsel may be heard, a hearing (the "**Hearing**") shall be held at the United States

Bankruptcy Court for the Eastern District of New York, Alfonse D'Amato Federal Courthouse,

290 Federal Plaza, Central Islip, New York 11722 (the "**Court**"), before the Honorable Alan S.

Trust, United States Bankruptcy Judge, on the motion (the "**Motion**") of Olympia Office LLC,

WA Portfolio LLC, Mariners Portfolio LLC, and Seahawk Portfolio LLC, the above Chapter 11 debtors (collectively, the "**Debtors**"), seeking entry of an Order (a) authorizing the joint administration of, and substantively consolidating, the Debtors' estates, and (b) granting such other, further, and different relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE,** that objections to the relief requested in the Motion, if any, must be in writing, conform with the Federal Rules of Bankruptcy Procedure and Title 11 of the United States Code, state with particularity the grounds thereof, and be filed with the Court, with a courtesy copy to the Chambers of the Honorable Alan S. Trust, United States Bankruptcy Judge, and served upon, so as to be received by, LaMonica Herbst & Maniscalco, LLP, proposed attorneys for the Debtors, 3305 Jerusalem Avenue, Suite 201, Wantagh, New York 11793 Attn: Jordan Pilevsky, Esq. and Jordan D. Weiss, Esq., and the Office of the United States Trustee, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, Attn: Alfred M. Dimino, Esq., no later than January 4, 2017 as follows: (a) (i) through the Court's electronic filing system, which may be accessed through the internet at the Court's website at [www.nyeb.uscourts.gov;](www.nyeb.uscourts.gov;) and (ii) in portable document format (PDF) using Adobe Exchange Software for conversion; or (b) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing may be adjourned from time to time without further notice other than the announcement of such a adjournment in open Court.

Dated: December 6, 2016
Wantagh, New York

                                          **LaMonica Herbst & Maniscalco, LLP**
                                          Proposed Counsel for the Debtor

By:    *s/ **Jordan Pilevsky***
         Jordan Pilevsky, Esq.
         Jordan D. Weiss, Esq.
         3305 Jerusalem Avenue
         Wantagh, New York 11793
         (516) 826-6500

| | |
|---|---|
| **LaMonica Herbst & Maniscalco, LLP**<br>3305 Jerusalem Avenue, Suite 201<br>Wantagh, New York 11793<br>(516) 826-6500<br>Jordan Pilevsky, Esq.<br>Jordan D. Weiss, Esq. | **Hearing Date:   January 11, 2017 at 11:00 a.m.**<br>**Objections Due:   January 4, 2017** |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                                  Chapter 11
                                                                                             Case No. 16-74892 (AST)
OLYMPIA OFFICE LLC,

                                         Debtor.
-------------------------------------------------------------x
In re:                                                                                  Chapter 11
                                                                                             Case No. 16-75515 (AST)
WA PORTFOLIO LLC,

                                         Debtor.
-------------------------------------------------------------x
In re:                                                                                  Chapter 11
                                                                                             Case No. 16-75516 (AST)
MARINERS PORTFOLIO LLC,

                                         Debtor.
-------------------------------------------------------------x
In re:                                                                                  Chapter 11
                                                                                             Case No. 16-75517 (AST)
SEAHAWK PORTFOLIO LLC,

                                         Debtor.
-------------------------------------------------------------x

## CHAPTER 11 DEBTORS' MOTION SEEKING JOINT ADMINISTRATION AND SUBSTANTIVE CONSOLIDATION OF THEIR BANKRUPTCY ESTATES

Debtors and debtors in possession Olympia Office LLC ("**Olympia**"), WA Portfolio LLC ("**WA Portfolio**"), Mariners Portfolio LLC ("**Mariners**"), and Seahawk Portfolio LLC ("**Seahawk**"; collectively with Olympia, WA Portfolio, and Mariners, the "**Debtors**"), by their proposed attorneys, LaMonica Herbst & Maniscalco, LLP, submit this motion (the "**Motion**"), seeking the entry of an order (a) authorizing the joint administration of, and substantively

consolidating, the Debtors' estates, and (b) granting such other, further, and different relief as this Court deems just and proper, and respectfully represent as follows:

## Preliminary Statement

1. By this Motion the Debtors seek to substantively consolidate the Debtors' estates. Substantive consolidation in no way prejudices any creditors, but is in fact in the best interest of the estate and of judicial economy. Specifically, the Debtors each have identical debt structure and own the same assets. First, the claims against each of the Debtors' estates are identical. To the extent that the Debtors incurred pre-petition debts, the creditors treated the Debtors as one entity. Second, the Debtors collectively own a 100% interest in the same assets—the Real Properties (as defined below).

2. Substantive consolidation removes the administrative and judicial burden of duplicative pleadings and other actions that would be necessary absent substantive consolidation. Thus, substantive consolidation does not prejudice creditors, is in the best interests of the estate and creditors, and fosters judicial economy. Further, and to the extent necessary, the Debtors seek the joint administration of their bankruptcy cases.

## Jurisdiction and Venue

3. The Court has jurisdiction over the cases of the Debtors pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates and authority for the relief sought herein are Section 105 of the Bankruptcy Code and related case law.

**Background**

**A.     Pre-Petition Background**

4.      On February 10, 2011, CDC Properties I LLC, a Delaware limited liability company ("**CDC**") filed a voluntary petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Washington (the "**Washington Bankruptcy Court**") and was assigned case number 11-41010 (the "**CDC Bankruptcy Case**"). On February 21, 2012, the CDC Bankruptcy Case was closed.

5.      On August 15, 2014, Prium Companies, LLC ("**Prium**") filed a voluntary petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code in the Washington Bankruptcy Court and was assigned case number 14-44512 (the "**Prium Bankruptcy Case**").

6.      Prium is the sole member of CDC Acquisition Company I, LLC, a Delaware limited liability company. CDC Acquisition Company I, LLC is the sole member of CDC.

7.      By Orders dated October 2, 2014 and February 26, 2015 in the Prium Bankruptcy Case, Eric D. Orse ("**Orse**") was appointed as the management representative of, among other entities, Prium and CDC.

8.      By deeds dated September 23, 2016 (the "**Deeds**"), the Debtors collectively purchased from CDC a 100% interest in the real properties located at, and known as, (i) 5000 Capital Boulevard Southeast, Tumwater, WA 98502; (ii) 640 Woodland Square Loop Southeast, Lacey, WA 98503; (iii) 637 Woodland Square Loop Southeast, Lacey, WA 98503; (iv) 629 Woodland Square Loop Southeast, Lacey, WA 98503; (v) 4565 7th Avenue Southeast, Lacey, WA 98503; (vi) 645 Woodland Square Loop Southeast, Lacey, WA 98503; (vii) 805 South Mission Street, Wenatchee, WA 98801; (viii) 8830 25th Avenue Southwest, Seattle, WA 98106;

and (ix) 1620 South Pioneer Way, Moses Lake, WA 98837 (collectively, the "**Real Properties**"). The Deeds were properly recorded.

9.      The Real Properties are subject to certain Deeds of Trust (the "**Notes**") to secure obligations (i) in the original principal amount of $40,700,000.00 originally made in favor of Wells Fargo Bank N.A., as Trustee for the Registered Holders of Merrill Lynch Mortgage Trust 2005-MCP1 Commercial Pass-Through Certificates, Series 2005-MCP1 ("**Wells Fargo**") and (ii) in the original principal amount of $2,557,500.00 originally made in favor of U.S. Bank, N.A., as Successor-Trustee to LaSalle Bank N.A., as Trustee for the benefit of the Certificate Holders of Commercial Mortgage Pass-Through Certificates, Series MCCMT 2004-C2D ("**U.S. Bank**").

10.     In May 2016, Wells Fargo and U.S. Bank commenced an action to appoint a custodial receiver for the Real Properties captioned, *Wells Fargo Bank N.A., as Trustee for the Registered Holders of Merrill Lynch Mortgage Trust 2005-MCP1 Commercial Pass-Through Certificates, Series 2005-MCP1 and U.S. Bank, N.A., as Successor-Trustee to LaSalle Bank N.A., as Trustee for the benefit of the Certificate Holders of Commercial Mortgage Pass-Through Certificates, Series MCCMT 2004-C2D, v. CDC Properties I, LLC*.

11.     Pursuant to an Order Appointing Custodial Receiver dated May 19, 2016, JSH Properties, Inc. (the "**Receiver**") was appointed as custodial receiver over the Real Properties.

12.     On October 18, 2016, Wells Fargo and U.S. Bank assigned their interests in the Notes to MLMT 2005-MCP1 Washington Office Properties, LLC (the "**Noteholder**").

**B.**     **The Debtors' Bankruptcy Cases**

13.     On October 20, 2016, Olympia filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of New York (the "**Court**"). On November 3, 2016, the Olympia filed the balance of its schedules, statements of financial affairs and all other required documents with the Clerk of the Court.

14.     On November 3, 2016, the Noteholder, through counsel, executed a stipulation with Olympia and the Receiver in Olympia's bankruptcy case authorizing the Receiver to remain in possession of, and to maintain, the Real Properties (the "**Receiver Stipulation**"). The Receiver Stipulation is pending before the Court.

15.     On November 28, 2016, WA Portfolio, Mariners, and Seahawk, each filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code with the Clerk of the Court.

16.     On December 1, 2016, the Court issued Orders: (i) denying a motion filed by the Noteholders seeking relief from the automatic stay of Olympia's bankruptcy estate; (ii) declaring that "the automatic stay, pursuant to 11 U.S.C. § 362(a) applies, and is in full force and effect with respect to all property of [Olympia]'s bankruptcy estate, including, without limitation, [Olympia]'s interest in the Real Properties and, as such, Noteholder may not proceed on the CDC Motion as it relates to the Real Properties;" and (iii) denying Olympia's request for a preliminary injunction as moot.

**C.**     **Proposed Broker Retention and Sale of Real Property**

17.     On November 16, 2016, the Olympia filed an application to employ Kiemle & Hagood Company as real estate broker to sell the real property located at, and known as, 1620 Pioneer Way, Moses Lake, WA 98837.

18.     The Debtor is also in the process of finalizing terms with another real estate broker for the sale of the real property located at 629 Woodland Square Loop, Lacey WA 98503.

**Substantive Consolidation
of the Estates is Necessary and Appropriate**

19.     Economic and practical considerations weigh in favor of substantive consolidation of the Debtors' estates. The pre-petition claims against each of the Debtors are identical and mutual. The Debtors each own a percentage interest in the Real Properties and collectively own a 100% interest in the Real Properties.

20.     Upon approval of substantive consolidation, the caption of the consolidated estate will be modified as follows:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

|  |  |
|---|---|
| OLYMPIA OFFICE LLC, | Chapter 11 |
| WA PORTFOLIO LLC, | Case No. 16-74892 (AST) |
| MARINERS PORTFOLIO LLC, and | (Substantively Consolidated) |
| SEAHAWK PORTFOLIO LLC, |  |

                Debtors.
---------------------------------------------------------x

21.     The Debtors also seek the Court's direction that a notation, substantially similar to the following notation, be entered on the dockets of the WA Portfolio, Seahawk and Mariners cases to reflect the substantive consolidation of the Debtors' estates:

> An Order was entered in this case directing the substantive consolidation and joint administration of this Chapter 11 case with a related debtor known as Olympia Office LLC, which case is pending in this Court under case number 16-74892-AST (the "Related Case"). The Related Case should be consulted for all matters affecting this case.

22. Although there is no express statutory authority for substantive consolidation in the Bankruptcy Code, it is well settled that the authority for substantive consolidation lies in a Court's equitable powers under Section 105(a) of the Bankruptcy Code. *See FDIC v. Colonial Realty,* 966 F.2d 57, 59 (2d Cir. 1992) (citation omitted); *Augie's Baking Co. v. Augie/Restivo Baking Co. (In re Augie/Restivo Baking Co.)*, 860 F.2d 515, 518 (2d Cir. 1988) (citations omitted). Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Where a bankruptcy court concludes that substantive consolidation is appropriate, such consolidation "usually results not only in the pooling of assets and liabilities of two or more entities, but also in 'satisfying liabilities from the resultant common fund; [and] eliminating inter-[entity] claims[.]" *Colonial Realty*, 966 F.2d at 58–59 (*quoting Augie/Restivo*).

23. However, "[t]he sole purpose of substantive consolidation is to ensure the equitable treatment of all creditors." *Augie/Restivo*, 860 F.2d at 518. Accordingly, substantive consolidation rests "on two critical factors: (i) whether creditors dealt with the entities as a single economic unit and did not rely on their separate identity in extending credit, . . . or (ii) whether the affairs of the debtors are so entangled that consolidation will benefit all creditors[.]" *Id.* (quotations and citations omitted). Thus, "[i]n determining whether entities should be consolidated, courts will consider a number of factors, including whether the entities share costs or obligations; fail to observe corporate formalities; or, in the case of a subsidiary and parent, fail

to act independently." *Windels Marx Lane & Mittendorf, LLP v. Source Enters., Inc. (In re Source Enters., Inc.)*, 392 B.R. 541, 552 (S.D.N.Y. 2008) (citations omitted).

24. The Debtors' estates satisfy the above criteria. By this Motion, the Debtors seek to substantively consolidate their Chapter 11 cases. The Debtors intend to pay their mutual creditors through a chapter 11 plan. Since the creditors of the estates are identical and the debts are all mutual, substantive consolidation of the estates does not prejudice any party. On the contrary, it promotes the efficient and economical administration of these cases. Indeed, creditors dealt with the Debtor entities as one conglomerated entity. Therefore, by virtue of substantive consolidation, no prejudice is suffered by any creditor. Further, substantive consolidation will minimize the costs administration by obviating the need for duplicative pleadings and actions. Therefore, substantive consolidation of these cases ensures efficient administration, the equitable treatment of all creditors, and is in the best interest of all creditors.

25. Given the interlinked relationship between the Debtors, substantive consolidation the Debtors' cases will provide significant administrative convenience without harming the substantive rights of any party-in-interest. The motions, hearings and Orders that will arise in each of the Debtors' cases affect all the Debtors. In addition, the creditors of the Debtors are the same.

26. Based upon the foregoing, substantive consolidation is a viable means with which to garner maximum value for all of the creditors in an efficient and cost effective manner. Therefore, the above factors weigh heavily in favor of substantively consolidating the Debtors' cases and estates.

27. Thus, the Debtors submit that substantive consolidation of the Debtors' estates is in the best interests of the creditors and estates, and will achieve better treatment for creditors participating in a consolidated recovery as opposed to any other scenario.

28. Accordingly, the Debtors respectfully request that this Court grant the relief sought by this Motion and substantively consolidate the Debtors' estates and cases.

## Joint Administration

29. To the extent necessary, the Debtors also seek the joint administration of their bankruptcy estates under the caption reflected in paragraph 21 herein.

30. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[if] two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Further, Bankruptcy Rule 1015(c) provides, "when an order for consolidation or joint administration of a joint case or two or more cases is entered pursuant to this rule, while protecting the rights of the parties under the Code, the Court may enter Orders as may tend to avoid unnecessary costs and delay."

31. Here, the Debtors are "affiliates" as that term is defined under Section 101(2) of the Bankruptcy Code. The Debtors have a common ownership structure, maintain an ownership interest in virtually the same assets and have common creditors. As such, the relief requested herein is warranted and the Motion should be approved.

32. Courts have approved relief similar to that requested herein. In fact, the entry of joint administration Orders is common and generally uncontroversial. See, e.g., In re General Motors Corp., Case No. 09-50026 (REG) (Bankr. S.D.N.Y. June 1, 2009); In re Lehman Bros. Holdings Inc., Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Oct. 16, 2008); In re PRC, LLC, Case No. 08-10238 (MG) (Bankr. S.D.N.Y. Jan. 24, 2008); In re Wellman, Inc., Case No. 08-10595 (SMB) (Bankr.S.D.N.Y. Feb. 26, 2008); In re DJK Residential LLC, Case No. 08-10375 (JMP) (Bankr. S.D.N.Y. Feb. 8, 2008); In re Musicland Holding Corp., Case No. 06-10064 (SMB) (Bankr. S.D.N.Y. Jan. 13, 2006); In re Calpine Corp., Case No. 05-60200 (BRL) (Bankr.

S.D.N.Y. Dec. 21, 2005); In re Delphi Corp., Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Oct. 8, 2005); In re Delta Airlines, Inc., Case No. 05-17923 (PCB) (Bankr. S.D.N.Y. Sept. 14, 2005); In re Tower Auto., Inc., Case No. 05-10578 (ALG) (Bankr. S.D.N.Y. Feb. 3, 2005); see also In re ACG Holdings, Inc., Case No. 08-11467 (CSS) (Bankr. D. Del. July 16, 2008); In re Vertis Holdings, Inc., Case No. 08-11460 (CSS) (Bankr. D. Del. July, 16 2008).

33. Based upon the foregoing, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of the Debtors' estates and their creditors and should be granted in all respects.

## Notice

34. Notice of this Motion is being provided to: (a) the Office of the United States Trustee; (b) all known creditors of the Debtors; and (c) all parties who have filed a notice of appearance in these cases. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice need be provided.

35. No prior application for the relief sought herein has been made to this or any other court.

**WHEREFORE,** for the reasons stated above, the Debtors respectfully request that this Court grant the relief requested herein by entering an Order substantively consolidating the Debtors' cases and estates, and granting such other, further, and different relief as this Court deems just and proper.

Dated: December 6, 2016
       Wantagh, New York

                      **LaMonica Herbst & Maniscalco, LLP**
                      Proposed Counsel for the Debtor

          By:     <u>***s/ Jordan Pilevsky***</u>
                  Jordan Pilevsky, Esq.
                  Jordan D. Weiss, Esq.
                  3305 Jerusalem Avenue
                  Wantagh, New York 11793
                  (516) 826-6500

*M:\Documents\Company\Cases\Olympia Office LLC\Sub Con\NOM and Motion.docx*